**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Claudia Bryant-Perreira, Appellant,

v.

IMSCO/TFE Logistics Group, and Zurich American Insurance Company, Respondents.

Appellate Case No. 2013-000358

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2014-UP-126
Heard March 5, 2014 – Filed March 26, 2014

**AFFIRMED**

Samuel Darryl Harms, III, of Harms Law Firm, PA, of Greenville, for Appellant.

Weston Adams, III, of McAngus Goudelock & Courie, LLC, of Columbia; Amanda Anderson Mellard, of McAngus Goudelock & Courie, LLC, of Greenville; and Helen Faith Hiser, of McAngus Goudelock & Courie, LLC, of Mount Pleasant, for Respondents.

**PER CURIAM:** Claudia Bryant-Perreira appeals the South Carolina Workers' Compensation Commission's Appellate Panel's (Appellate Panel) order, arguing

the Appellate Panel erred in finding she did not suffer an injury arising out of and in the course of her employment.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *Wright v. Bi-Lo, Inc.*, 314 S.C. 152, 155, 442 S.E.2d 186, 188 (Ct. App. 1994) ("The question of whether an accident arises out of and is in the course and scope of employment is largely a question of fact for the [Appellate Panel]."); *id.* ("Our review of factual issues is limited to whether substantial evidence supports the decision of the [Appellate Panel]."); *Pilgrim v. Eaton*, 391 S.C. 38, 48, 703 S.E.2d 241, 246 (Ct. App. 2010) ("Our courts have frequently stated that the burden of proof is on the claimant to prove facts which will bring the injury under the coverage of the Workers' Compensation Act."); *Wright*, 314 S.C. at 155, 442 S.E.2d at 188 ("[N]ot every violation of an order given to a workman will necessarily remove him from the protection of the Workmen's Compensation Act. . . . 'Certain rules concern the conduct of the workman within the sphere of his employment, while others limit the sphere itself. A transgression of the former class leaves the scope of his employment unchanged, and will not prevent the recovery of compensation, while a transgression of the latter sort carries the workman outside of the sphere of his employment and compensation will be denied.'" (quoting *Johnson v. Merchants Fertilizer Co.*, 198 S.C. 373, 378-79, 17 S.E.2d 695, 697-98 (1941)) (emphases omitted)); *id.* ("When an employer limits the sphere of employment by specific prohibitions, injuries incurred while violating these prohibitions are not in the scope of employment and, therefore, not compensable.").

**AFFIRMED.**

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**